Baldwin, J.
The sale of the slave in controversy, though ostensibly under the trust deed, was substantially a sale by the debtor, with the concurrence of the trust creditor, to another creditor not secured by the deed, for a consideration compounded of the balance remaining due upon the trust, other debts claimed by the trust creditor, and the debt due to the purchasing creditor. By this arrangement the trust debt was discharged, and the title of the trustee, so far as concerns the personal property embraced in the deed, divested; for in a conveyance of chattels personal the law disregards mere formalities of the instrument, and the payment of the debt secured thereupon completely extinguishes the incumbrance. I think therefore that the circuit court correctly overruled the instruction asked for by the defendant there, it being founded upon the *286 idea that the legal title to the slave in question was still outstanding in the trustee M’Farland.
But the debtor West’s continued possession of the slave up to the time of the levy of the executions under which the defendant purchased, was inconsistent with the title claimed by Robinson, and rendered his purchase in contemplation of law fraudulent and void as against creditors, according to the rule declared in Edwards v. Harben, 2 T. R. 587. Land &c. v. Jeffries &c. 5 Rand. 211. 599. Sydnor v. Gee, 4 Leigh 536. Mason v. Bond & co. 9 Leigh 181. and many other cases. There were no circumstances, such as are to be found in some of those cases, to repel the application of this rule. The sale was virtually made by the debtor, and cannot be considered as a fair, open and public sale made by a trustee. There was no obstacle to the plaintiff’s obtaining immediate possession of the property. Nor was there a bona fide bailment of it for a valuable consideration, such as a hiring for a limited time. The unregistered agreement between West and Robinson, by which the former was to remain in possession of the property until it should be called for by the latter, comes within the very terms and spirit of the rule, instead of repelling its application. And if the legal conclusion of fraud needed confirmation, it would be found in all the material circumstances of the case,—the insolvency of the debtor, the gross inadequacy of the price, the total absence of competition, and the declarations of Robinson, calculated to prevent it, that he was purchasing in the property for the benefit of West’s family. I deem it unnecessary to consider a question not yet decided by this court, whether a sheriff can acquire title by a purchase at his own sale. The title and possession of the plaintiff were fraudulent and void in regard to the creditors, the levy of whose executions was valid, however irregular the sale, and who have an interest in the result of this contro *287 versy, arising out of the indemnifying bond, which guaranties against the consequences of the seizure as well as the sale of the property, and moreover warrants the title to the purchaser. My opinion therefore is, that the verdict of the jury was a plain deviation from the evidence, and that the circuit court erred in refusing a new trial.
The other judges concurring, the judgment was accordingly reversed with costs, the verdict set aside, and the cause sent back for a new trial.